**NOTICE**
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250018-U

NO. 4-25-0018

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

**FILED**
April 15, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| CRAIG L. MAY, | ) | No. 24CF147 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Grischow and Cavanagh concurred in the judgment.

**ORDER**

¶ 1 *Held*: The trial court did not err in revoking defendant's pretrial release.

¶ 2   Defendant, Craig L. May, appeals the trial court's order revoking his pretrial

release under section 110-6 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6 (West

2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan.

1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3         I. BACKGROUND

¶ 4   In June 2024, defendant was charged with resisting a peace officer (720 ILCS

5/31-1(a) (West 2022)), a Class 4 felony, criminal trespass to a residence (*id.* § 5/19-4(a)(1)), a

Class A misdemeanor, and two counts of criminal damage to property (*id.* § 5/21-1), Class A

misdemeanors.

¶ 5 The same day he was charged, defendant was granted pretrial release with mandatory and discretionary conditions. Among the conditions set upon defendant's pretrial release were orders defendant must appear for court hearings, submit to orders and the process of the court, not violate any criminal statute, and report weekly to the Office of Statewide Pretrial Services. Defendant signed a certification acknowledging the conditions of his release.

¶ 6 On December 10, 2024, the State filed a petition to revoke defendant's pretrial release. According to the petition, defendant, while on pretrial release for a felony or Class A misdemeanor, was charged in Livingston County case No. 24-CF-331 with unlawful delivery of a controlled substance (*id.* § 570/401(d)(i)) and unlawful delivery of methamphetamine (less than five grams) (*id.* § 646/55(a)(1)). The State attached to its petition a "Pretrial Violation Report." The record contains two pretrial violation reports. One includes the above-mentioned drug offenses. The other, dated October 30, 2024, shows defendant violated the pretrial-release order by failing to report consistently on a weekly basis to pretrial services. On August 20, 2024, pretrial services called defendant, advising him he needed to check in consistently. Defendant appeared for his court date but did not report to the pretrial service officer. On August 29, 2024, pretrial services sent defendant a letter for a September 3 office appointment. Defendant did not appear for the appointment or contact the pretrial service officer to provide a reason for his absence. On September 11, 2024, another letter was sent to defendant, advising him of an office appointment due to his missing check-ins. Defendant did not appear for the appointment or otherwise contact the officer.

¶ 7 The trial court held a hearing on the State's petition. The court began the hearing by asking the State to present evidence showing probable cause on the charges in case No. 24-CF-331. According to the State, the Livingston County Sheriff's Office conducted a controlled

buy of 20.2 grams of psilocybin mushrooms from defendant on October 31, 2024. Another controlled buy from defendant occurred on November 25, 2024, when defendant sold 0.3 grams of methamphetamine to a controlled source. The State proffered evidence showing defendant had been on pretrial release since June 3, 2024, and was on pretrial release when the two controlled purchases occurred. Defense counsel stated defendant wanted to inform the court he was anticipating receiving $15,000 from a pending lawsuit involving a car accident. Defendant worked sporadically for a neighbor doing yardwork. He also wanted the court to know he "will try to comply with all pretrial release orders."

¶ 8        The trial court, at the hearing, noted it would review the pretrial investigation reports in both cases. The record contains the June 2024 pretrial investigation report. The pretrial investigation report in case No. 24-CF-331 does not appear in the record. According to the June 2024 pretrial investigation report, defendant resided with his father. Defendant's driver's license expired, but he had transportation to and from court. Defendant worked full-time at "Weathersby's" in Pontiac, Illinois. Defendant also reported he had been working full-time for two weeks for a lawn-care business. Defendant denied having issues related to drug use, mental health, or medical issues. He scored 5 out of 14 on the Virginia Pretrial Risk Assessment Instrument-Revised (VPRAI-R).

¶ 9        The pretrial investigation report further indicates defendant's somewhat lengthy criminal history. Defendant's most recent offense at that time was "aggravated battery/nurse" (720 ILCS 5/12-3.05(d)(11) (West 2020)). The disposition date is listed as May 15, 2023. He was sentenced to 24 months' probation. Defendant's record also includes a 2020 conviction for driving on a suspended license, a 2016 conviction for robbery, a 2015 conviction for criminal damage to property under $300, a 2015 conviction for theft under $500, a 2014 conviction for

possession of a controlled substance, and 2013 convictions for battery and theft. Before 2014, defendant had two probation sentences terminated as "unsatisfied."

¶ 10　　　　The trial court granted the State's petition to revoke defendant's pretrial release. The court, presumably referring to the pretrial investigation report in case No. 24-CF-331, of which it expressly took judicial notice, found defendant had a VPRAI-R score of 5 out of 14. The court emphasized defendant's "pretty lengthy" criminal record and the fact defendant was on probation when he was charged with the offenses in both cases. The court found defendant had failed to comply with the conditions of his pretrial release, despite the efforts of pretrial services. The court concluded the State proved by clear and convincing evidence no conditions of release could reasonably ensure defendant would not be charged with a subsequent felony or Class A misdemeanor.

¶ 11　　　　On December 24, 2024, defendant filed his motion for relief, asking the trial court to reconsider its findings and vacate its order revoking his pretrial release. Defendant argued conditions, such as electronic monitoring and weekly check-ins with the office of pretrial services, would reasonably ensure his appearance for later hearings and prevent him from being charged with a later felony or Class A misdemeanor.

¶ 12　　　　On January 7, 2025, the trial court denied defendant's motion for relief.

¶ 13　　　　This appeal followed.

¶ 14　　　　　　　　　　　　　　II. ANALYSIS

¶ 15　　　　On appeal, defendant filed a notice in lieu of memorandum in compliance with Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024), electing to stand on the argument asserted in his motion for relief.

¶ 16　　　　All criminal defendants are entitled to pretrial release. 725 ILCS 5/110-2(a) (West

- 4 -

2022). A defendant, however, may have his pretrial release revoked and be detained if he or she "is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release." 725 ILCS 5/110-6(a) (West 2022). A trial court may revoke a defendant's pretrial release if the State proves (1) defendant was charged with a felony or Class A misdemeanor and (2) by clear and convincing evidence, "no condition or combination of conditions of release would reasonably *** prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.*

¶ 17        Pretrial-release decisions are reviewed either *de novo* or under the manifest-weight-of-the-evidence standard. *People v. Morgan*, 2025 IL 130626, ¶ 54. According to the Illinois Supreme Court, the question of which standard applies is determined as follows:

> "(1) when live witness testimony is presented at a pretrial detention
> hearing, the circuit court's ultimate detention decision under
> section 110-6.1, in addition to any underlying factual findings
> supporting the decision, will not be disturbed on review unless
> found to be contrary to the manifest weight of the evidence and
> (2) when the parties to a pretrial detention hearing proceed solely
> by proffer, the reviewing court is not bound by the circuit court's
> factual findings and may therefore conduct its own independent
> *de novo* review of the proffered evidence and evidence otherwise
> documentary in nature." *Id.*

Because neither party elicited live testimony at the hearing, our review of the order revoking defendant's pretrial release is *de novo*. See *id.*

¶ 18        Applying the *de novo* standard, we find defendant was properly denied pretrial

release. Defendant was charged with two felonies while on pretrial release. In addition, the State's proffer provides ample support for the conclusion no condition or combination of conditions would reasonably ensure defendant would not commit a felony or Class A misdemeanor while on pretrial release. Defendant has a lengthy criminal history and has repeatedly shown he will not comply with conditions of release. Defendant was on probation when the charged offenses in this case were committed and when charged with the drug offenses that prompted the State's petition to revoke his pretrial release. While defendant asserts check-ins with the office of pretrial services is an appropriate condition for release, he has repeatedly shown he will not comply with such an order. In light of these circumstances, defendant's assertion he "will try to comply with all pretrial release orders," is not convincing.

¶ 19                                    III. CONCLUSION

¶ 20          We affirm the trial court's judgment.

¶ 21          Affirmed.